**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER FLORES,** | § | |
| **TDCJ No. 1336588,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **EP-12-CV-136-PRM** |
| | § | |
| **RICK THALER,** | § | |
| **Director, Texas Department of** | § | |
| **Criminal Justice, Correctional** | § | |
| **Institutions Division,** | § | |
| **Respondent.** | § | |

**MEMORANDUM OPINION AND ORDER**

In a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [ECF No. 1],

Petitioner Christopher Flores (Flores) asks the Court to "develope [sic] the habeas record, and

afterwards, reverse the Texas Court of Criminal Appeals' decision" on his state writ application.[1]

For the reasons discussed below, the Court declines the opportunity to further develop the habeas

record.  Moreover, after reviewing Flores's petition and his response to an order to show cause

[ECF No. 2], the Court finds that Flores is not entitled to § 2254 relief on his claims.  The Court

will accordingly dismiss his petition.[2]  The Court will additionally decline to certify his issues for

appeal.

**FACTUAL AND PROCEDURAL HISTORY**

As Clinton Reno (Reno) drove home from work early in the morning on November 26,

1998, he saw a white Honda Civic parked in his neighborhood in El Paso, Texas, with bullet

holes in a window.  Upon arriving home, Reno called the Sheriff's Department and reported his

---

[1] Pet'r's Pet. 7.

[2] *See* 28 U.S.C.A. § 2254 Proc. R. 4 (West 2012) ("If it plainly appears from the petition and any
attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the
petition and direct the clerk to notify the petitioner.").

observation.  Deputies responded and found two shell casings for a 9mm firearm near the rear of

the vehicle, blood throughout the car's interior, and the lifeless body of Juan Martinez (Martinez)

slumped over inside.  During their ensuing investigation, the deputies determined that the mother

of Martinez's daughter and Flores's wife, Kelly Jo Castro-Flores (Castro-Flores), frequently

stayed at a nearby house with Jose Arredondo (Arredondo) and others.  They also discovered that

a custody dispute had caused difficulties between Flores, Castro-Flores, and Martinez.  Finally,

the deputies learned that during a trip to buy a pizza the previous evening, Flores told Arredondo,

"I just left [Martinez] back there with three bullet holes on his window."[3]

A jury in El Paso, Texas, found Flores guilty of murder and assessed punishment at life

imprisonment.[4]  The Texas Eighth Court of Appeals affirmed the judgment, and the Texas Court

of Criminal Appeals (CCA) denied Flores's petition for discretionary review.[5]  In a subsequent

state writ application, Flores claimed that his counsel provided constitutionally ineffective

assistance during both the guilt and punishment phases of his trial.  He also alleged that a faulty

police investigation violated his due process rights.  After an independent review of the record,

the CCA accepted the trial court's recommendation and denied Flores relief.[6]  The instant

petition followed.

Mindful of Flores's *pro se* status,[7] the Court understands him to allege that he "was

---

[3] *Flores v. State*, No. 08-03-00002-CR, 2005 WL 147721 at *2 (Tex. App.–El Paso Jan. 20, 2005, pet. ref'd). *Flores*, 2005 WL 147721 at *2.

[4] *State v. Flores*, Cause No. 990D00966 (41st Dist. Ct., El Paso Cnty., Tex. Dec. 13, 2002).

[5] *Flores*, 2005 WL 147721.

[6] *Ex Parte Flores*, WR-72,670-01, 2011 WL 1533382 (Tex. Crim. App. Apr. 20, 2011).

[7] *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding *pro se* pleadings to less stringent standards than formal pleadings drafted by lawyers); *see also Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (explaining liberal construction allows active interpretation of a *pro se* pleading to encompass any allegation which may raise a claim for federal relief).

denied the right to be heard in a meaningful and timely manner" during his State habeas proceedings because (1) "his retained counsel formally invoked his right by motion filed with the clerk," (2) "his retained counsel formally invoked his right by written objection," and (3) after his retained counsel filed his objections, the state court based its "findings of fact and conclusions of law . . . on erroneous information in the record supplied by the State."[8]

## APPLICABLE LAW

"[C]ollateral review is different from direct review,"[9] and the writ of habeas corpus is "an extraordinary remedy"[10] reserved for those petitioners whom "society has grievously wronged."[11] It "is designed to guard against extreme malfunctions in the state criminal justice system."[12]  A federal habeas court's role in reviewing state prisoner petitions is exceedingly narrow.  Section 2254 allows a court to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."[13]  A court may not grant relief to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present.[14]

Moreover, federal habeas courts must generally defer to state court decisions on the

---

[8] Pet'r's Pet. 6–7.

[9] *Brecht v. Abrahamson*, 507 U.S. 619, 633 (1993).

[10] *Id.*

[11] *Id.* at 634.

[12] *Id.* (citing Justice Stevens's concurrence in *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)).

[13] 28 U.S.C.A. § 2254(a) (West 2012).

[14] *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996).

merits[15] and on procedural grounds.[16] "Indeed, federal courts do not sit as courts of appeal and error for state court convictions."[17] Thus, federal habeas courts should deny claims decided by state courts on the merits unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.[18]

A decision is contrary to clearly established federal law if the state court reaches a conclusion opposite to a decision reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.[19] An application of clearly established federal law is unreasonable if the state court identifies the correct governing legal principle, but unreasonably applies that principle to the facts.[20]

A federal court should focus "on the ultimate legal conclusion that the state court reached and not on whether the state court considered and discussed every angle of the evidence."[21]

---

[15] *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002).

[16] *Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991); *Muniz v. Johnson*, 132 F.3d 214, 220 (5th Cir. 1998).

[17] *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986).

[18] 28 U.S.C.A. § 2254(d).

[19] *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

[20] *Id.*

[21] *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc); *see Catalan v. Cockrell*, 315 F.3d 491, 493 (5th Cir. 2002) ("[W]e review only the state court's decision, not its reasoning or written opinion[.]").

Indeed, a state court is presumed to "know and follow the law."[22] Even where the state court fails to cite applicable Supreme Court precedent or is unaware of such precedent, the deferential standard of review nevertheless applies "so long as neither the reasoning nor the result of the state-court decision contradicts [Supreme Court precedent]."[23]

Furthermore, a federal court's review of a state court's decision is "limited to the record that was before the state court that adjudicated the claim on the merits."[24] The state court's factual findings "shall be presumed to be correct" unless the petitioner carries "the burden of rebutting the presumption of correctness by clear and convincing evidence."[25] "The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact."[26]

Thus, federal habeas relief is only merited where the state-court decision is incorrect or objectively unreasonable.[27] Accordingly, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree'" on the correctness of the state court's decision.[28]

---

[22] *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

[23] *Early v. Packer*, 537 U.S. 3, 8 (2002).

[24] *Cullen v. Pinholster*, -- U.S. --, --, 131 S. Ct. 1388, 1398–99 (2011).

[25] 28 U.S.C.A. § 2254(e)(1).

[26] *Valdez v. Cockrell,* 274 F.3d 941, 948 n.11 (5th Cir. 2001).

[27] *Woodford*, 537 U.S. at 27.

[28] *Harrington v. Richter*, -- U.S. --, --, 131 S. Ct. 770, 786 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

With these principles in mind, the Court turns to the merits of Flores's claims.

## ANALYSIS

Flores does not attack his conviction or sentence in his petition. He claims instead that the CCA denied him the "the right to be heard in a meaningful and timely manner" during his state habeas proceedings.[29] He asserts:

> Petitioner was denied the right to representation by his retained counsel under the Fourteenth Amendment's Due Process Clause, after counsel filed his formal motion to appear at an evidentiary hearing, and filed his formal objection to the district court's findings of fact and conclusions of law based on erroneous information in the record supplied by the State.[30]

Habeas corpus is appropriate only for challenges to the "fact or duration" of confinement.[31] A federal court has jurisdiction to consider a writ of habeas corpus only "on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States."[32] "In conducting habeas review, a federal court is limited to deciding whether a *conviction* violated the Constitution, laws, or treaties of the United States."[33] Moreover, the Constitution does not require a State to offer habeas corpus review,[34] and it provides no due

---

[29] Pet'r's Pet. 6–7.

[30] *Id.* at 7.

[31] *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

[32] 28 U.S.C.A. § 2254(a) (emphasis added).

[33] *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (emphasis added).

[34] *See Murray v. Giarratano*, 492 U.S. 1, 10 (1989) ("State collateral proceedings are not constitutionally required as an adjunct to the state criminal proceedings and serve a different and more limited purpose than either the trial or appeal.") (citations omitted); *Pennsylvania v. Finley*, 481 U.S. 551, 556–57 (1987) ("Postconviction relief . . . is a collateral attack that normally occurs only after the defendant has failed to secure relief through direct review of his conviction. States have no obligation to provide this avenue of relief, and when they do, the fundamental fairness mandated by the Due Process Clause does not require that the State supply a lawyer as well.") (citations omitted).

process protection to those proceedings if a State provides a habeas avenue of relief.[35]

Accordingly, a complaint about an alleged due process violation occurring during the course of

state habeas corpus proceedings does not give rise to a legal basis for federal habeas corpus

relief.[36]

      After screening Flores petition, the Court ordered Flores to show cause why the Court

should not dismiss his petition.  The Court explained:

> A federal court has jurisdiction to consider a writ of habeas corpus in
> behalf of a person in custody pursuant to the judgment of a State court . . . on
> the ground that he is in custody in violation of the Constitution or laws or
> treaties of the United States.  Thus, a complaint about alleged constitutional
> violations occurring during the course of state habeas corpus proceedings
> does not give rise to a legal basis for federal habeas corpus relief.
> Consequently, Flores's challenge to the CCA's denial of his state writ
> application is subject to dismissal for failure to state a cognizable ground for
> federal habeas relief.[37]

In his response [ECF No. 15], Flores once again does not attack his conviction or sentence.

Flores explains the CCA's "due process violation resulted in fundamentally inadequate and

unfair postconviction relief procedures."[38]  Thus, Flores does not ask the Court to decide whether

his "conviction violated the Constitution, laws, or treaties of the United States."[39]  Accordingly,

---

    [35] *See Dowling v. United States*, 493 U.S. 342, 352 (1990) ("Beyond the specific guarantees enumerated in the Bill of Rights, the Due Process Clause has limited operation.  We, therefore, have defined the category of infractions that violate 'fundamental fairness' very narrowly.").

    [36] *See Brown v. Dretke*, 419 F.3d 365, 378 (5th Cir. 2005) ("[A]lleged infirmities in state habeas proceedings are not grounds for federal habeas relief."); *Moore v. Dretke*, 369 F.3d 844, 846 (5th Cir. 2004) ("It is axiomatic that infirmities in state habeas proceedings do not constitute grounds for federal habeas relief.  This is because an attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself.") (internal quotations omitted).

    [37] Order to Show Cause 2 (quotation marks and citations omitted).

    [38] Resp. 2.

    [39] *McGuire*, 502 U.S. at 68.

the Court finds Flores has failed to assert a cognizable claim for § 2254 relief.

## CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."[40]  Further, appellate review of a habeas petition is limited to the issues on which a certificate of appealability is granted.[41]  In other words, a certificate of appealability is granted or denied on an issue-by-issue basis, thereby limiting appellate review solely to those issues on which a certificate of appealability is granted.[42]  Although Flores has not yet filed a notice of appeal, this Court must nonetheless address whether he is entitled to a certificate of appealability.[43]

A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[44]  In cases where a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[45]  To warrant a grant of the certificate as to claims that the district court rejects solely

---

[40] 28 U.S.C.A. § 2253(c)(1) (West 2012).

[41] *See Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997) (holding that, in regard to the denial of relief in habeas corpus actions, the scope of appellate review is limited to the issues on which a certificate of appealability is granted).

[42] *See* 28 U.S.C.A. §2253(c)(3) ("The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required[.]"); *see also United States v. Kimler*, 150 F.3d 429, 431, and n.1 (5th Cir. 1998) (explaining it is well established that a circuit judge may address an issue not certified by a district court if the petitioner makes (1) an explicit request, and (2) a substantial showing of the denial of a constitutional right).

[43] *See* 28 U.S.C.A. 2254 PROC. R. 11(a) (West 2012) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

[44] 28 U.S.C.A. § 2253(c)(2); *Gonzalez v. Thaler*. -- U.S. --, --, -- S. Ct. --, --, 2012 WL 43513, at *3 (2012).

[45] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

on procedural grounds, the petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[46] Here, Flores is not entitled to a certificate of appealability because reasonable jurists would not find the Court's procedural or substantive rulings debatable.

CONCLUSION AND ORDERS

After carefully reviewing the record, and for the reasons stated above, the Court concludes that Flores is not entitled relief under 28 U.S.C. § 2254. Accordingly, the Court will enter the following orders:

1.    The Court **DISMISSES WITH PREJUDICE** Petitioner Christopher Flores's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [ECF No. 1].

2.    Further, the Court **DENIES** Petitioner Christopher Flores a **CERTIFICATE OF APPEALABILITY**.

3.    Finally, the Court **DISMISSES AS MOOT** all pending motions in this cause.

**SO ORDERED**.

**SIGNED** this _29_ day of June, 2012.

PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE

[46] *Id.*